*E-FILED - 5/12/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELWIN K. LAY, II,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL L. FRIEDMAN,<br><br>  Defendant. | No. C 03-4408 RMW (PR)<br><br>FURTHER SCHEDULING ORDER; ORDER DIRECTING DEFENDANT TO FILE AN ANSWER, A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

    Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Chief Medical Officer at the Correctional Training Facility in Soledad, California. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. The court ordered service of the complaint on May 23, 2006. On September 7, 2006, plaintiff filed an opposition to defendant's request for extension of time and opposition to defendant's request for voluntary dismissal based upon a letter that plaintiff received from defendant's counsel. However, as of the date of this order, defendant has not filed an answer, a motion for extension of time, or any dispositive motion with the court. Accordingly, the court issues a further scheduling order as follows:

    1.    No later than **forty-five (45) days** from the date this order is filed, defendant shall file an answer and a motion for summary judgment or other dispositive motion with respect to

the claim in the complaint as set forth in the court's May 23, 2006 order of service.  **Defendant's failure to file an answer and a dispositive motion, or notice why such motion is not appropriate in this case, within forty-five days will result in the court entering a default judgment against defendant**.

    a.    If defendant elects to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied Alameida v. Terhune</u>, 540 U.S. 810 (2003).

    b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  <u>**If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**</u>

2.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

    a.    In the event defendant files an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b.    In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

Further Scheduling Order; Further Scheduling Order; Order Directing Defendant to File an Answer, a Dispositive Motion or Notice Regarding Such Motion
P:\pro-se\sj.rmw\cr.03\Lay408sched

2

      The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

      Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

    3.    Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    4.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    5.    All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

    6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

///

1        For plaintiff's information, the proper manner of promulgating discovery is to send
2   demands for documents or interrogatories (questions asking for specific, factual responses)
3   directly to defendant's counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to
4   matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1).
5   Discovery may be further limited by court order if "(i) the discovery sought is unreasonably
6   cumulative or duplicative, or is obtainable from some other source that is more convenient, less
7   burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
8   discovery in the action to obtain the information sought; or (iii) the burden or expense of the
9   proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). <u>In order to comply
10  with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to
11  his benefit to wait until defendant has filed a dispositive motion which could include some or all
12  of the discovery plaintiff might seek.</u> In addition, no motion to compel will be considered by the
13  court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1
14  has been satisfied. Because plaintiff is incarcerated he is not required to meet and confer with
15  defendant in person. Rather, if his discovery requests are denied and he intends to seek a motion
16  to compel plaintiff must send a letter to defendants to that effect, offering them one last
17  opportunity to provide him with the sought-after information.

18        7.   It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
19  and all parties informed of any change of address and must comply with the court's orders in a
20  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
21  pursuant to Federal Rule of Civil Procedure 41(b).

22        IT IS SO ORDERED.

23  DATED:   5/6/08

24                                                        *Ronald M. Whyte*
                                                          RONALD M. WHYTE
                                                          United States District Judge

1  This is to certify that a copy of this ruling was mailed to the following:

2

3  Elwin K. Lay II
   D-71078/ BW-101L
   Correctional Training Facility
4  P.O. Box 689
   Soledad, CA  93960-0689
5

6  Troy B. Overton
   Deputy Attorney General
7  CA Attorney General's Office
   455 Golden Gate Avenue, Suite 11000
8  San Francisco, CA 94102-7004

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Further Scheduling Order; Further Scheduling Order; Order Directing Defendant to File an Answer, a Dispositive Motion or
Notice Regarding Such Motion
P:\pro-se\sj.rmw\cr.03\Lay408sched          5