***E-FILED - 7/11/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELWIN K. LAY, II, | ) | No. C 03-4408 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO DISMISS; DIRECTING MARSHAL TO SERVE DEFENDANT **WITHIN 14 DAYS**; DIRECTING DEFENDANT TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |
| v. | ) | |
| MICHAEL L. FRIEDMAN, | ) | |
| Defendant. | ) | |
| | ) | (Docket No. 17) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Dr. Michael Friedman, the Chief Medical Officer at the Correctional Training Facility in Soledad, California ("defendant"). On May 23, 2006, the court instructed the clerk to issue summons and ordered the United States Marshal ("Marshal") to effectuate summons upon defendant. On June 6, 2006, the clerk issued summons. To date, the Marshal has not returned the summons, either executed or unexecuted, and has not otherwise notified the court whether or not defendant has been served. On May 12, 2008, the court issued a further scheduling order directing defendant to file an answer, a motion for extension of time, or any dispositive motion with the court. On June 24, 2008, the California Attorney General specially

1  appeared on behalf of defendant and filed a motion to dismiss on the grounds that defendant had
2  never been served with the summons and complaint.  The court DENIES defendant's motion,
3  and orders the Marshal to serve the summons and complaint upon defendant on an expedited
4  basis, i.e. with **14 days** of the date this order is filed.  The court also reschedules the briefing on
5  dispositive motions.

## DISCUSSION

7       Defendant moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure
8  12(b)(5) and 4(m) on the grounds that defendant has not yet been served with the summons and
9  complaint.  Rule 12(b)(5) authorizes dismissal of an action on the grounds that the defendant has
10 not been properly served.  Fed. R. Civ. P. 12(b)(5).  Rule 4(m) provides that a complaint is
11 subject to dismissal if it has been pending for over 120 days and service has not been effectuated,
12 absent "good cause."  Fed. R. Civ. P. 4(m).  Here, the complaint has been pending for over 120
13 days and service has not been effectuated.  Dismissal is not appropriate at this time, however,
14 because there appears to be "good cause" for the lack of service.

15      In cases such as this, wherein the plaintiff proceeds in forma pauperis, plaintiff is entitled
16 to rely on the officers of the court to issue and serve all process.  28 U.S.C. § 1915(d).  The court
17 must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon
18 order of the court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d
19 1415, 1422 (9th Cir. 1994).  A plaintiff who is incarcerated and proceeding in forma pauperis
20 may rely on service by the Marshal, but such plaintiff "may not remain silent and do nothing to
21 effectuate such service"; rather, "plaintiff should request service upon the appropriate defendant
22 and attempt to remedy any apparent defects of which [he] has knowledge."  Rochon v. Dawson,
23 828 F.2d 1107, 1110 (5th Cir. 1987).  Here, the lack of service is not attributable to any failure
24 on plaintiff's part.  Plaintiff has provided defendant's location, at the requested service of the
25 complaint.  As the Marshal has not responded to the court's order of service, there is no basis for
26 suspecting that there are any defects in the information he provided with respect to defendant's
27 name and location.  Under these circumstances, there appears to be "good cause" for the failure
28 to serve defendant, namely the Marshal's failure to effectuate such service as ordered by the

Order Denying Motion to Dismiss; Directing Marshal to Serve Defendant Within 14 Days; Directing Defendant to File a
Dispositive Motion or Notice Regarding Such Motion ; Instructions to Clerk
P:\PRO-SE\SJ.Rmw\CR.03\Lay408denymtd&2ndserv.wpd    2

1 court. Accordingly, the court denies defendant's motion to dismiss. The court again orders the
2 Marshal to serve the summons and complaint in this matter upon defendant; as over two years
3 have passed since the clerk issued the summons in this matter, the Marshall shall effectuate such
4 service on an expedited basis, as ordered below.

## CONCLUSION

For the reasons stated above, the court hereby orders as follows:

1. Defendant's motion to dismiss (docket no. 17) is DENIED.

2. The clerk shall send the United States Marshal a new copy of the summons and complaint, and all attachments thereto. On an **expedited basis**, and within **14 days of the date this order is filed**, the Marshal shall serve, without prepayment of fees, a copy of the complaint, all attachments thereto, upon **Dr. Michael L. Friedman**, the **Chief Medical Officer** at the **California Training Facility in Soledad, California.** The clerk shall also mail a courtesy copy of this order to the **California Attorney General's Office**.

3. No later than **ninety (90) days** from the date this order is filed, defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim in the complaint as set forth above, or notify the court that he is of the opinion that this case cannot be resolved by such a motion. All other provisions of the May 12, 2008 order with respect to the scheduling and filing of such a motion or notice, discovery, and plaintiff's responsibility to prosecute this case remain in effect.

This order terminates docket number 17.

IT IS SO ORDERED.

DATED:  7/7/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Motion to Dismiss; Directing Marshal to Serve Defendant Within 14 Days; Directing Defendant to File a Dispositive Motion or Notice Regarding Such Motion ; Instructions to Clerk
P:\PRO-SE\SJ.Rmw\CR.03\Lay408denymtd&2ndserv.wpd     3