***E-FILED - 11/20/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELWIN K. LAY, II, | No. C 03-4408 RMW (PR) |
| Plaintiff, | FURTHER SCHEDULING ORDER; ORDER DIRECTING DEFENDANT TO FILE ANSWER, DISPOSITIVE MOTION, OR NOTICE REGARDING SUCH MOTION |
| v. | |
| MICHAEL L. FRIEDMAN, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Dr. Michael Friedman, the Chief Medical Officer at the Correctional Training Facility in Soledad, California ("defendant"). On May 23, 2006, the court instructed the clerk to issue summons and ordered the United States Marshal ("Marshal") to effectuate summons upon defendant. On June 6, 2006, the clerk issued the summons. The Marshal failed to return the summons, either executed or unexecuted, and did not otherwise notify the court whether or not defendant had been served. On June 24, 2008, the California Attorney General specially appeared on behalf of defendant and filed a motion to dismiss on the grounds that defendant had never been served with the summons and complaint. On July 11, 2008, the court denied defendant's motion, and ordered the Marshal to serve the summons and complaint upon defendant on an expedited basis. On October 31, 2008, the summons was returned executed.

The court now reschedules the briefing on dispositive motions.

    1.    No later than **forty-five (45) days** from the date this order is filed, defendant shall file an answer and a motion for summary judgment or other dispositive motion with respect to the claim in the complaint as set forth in the court's May 23, 2006 order of service.  **Defendant's failure to file an answer and a dispositive motion, or notice why such motion is not appropriate in this case, within forty-five days will result in the court entering a default judgment against defendant.**

        a.    If defendant elects to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

        b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  <u>**Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**</u>

    2.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

        a.    In the event defendant files an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b.    In the event defendant files a motion for summary judgment, the

1 | Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam).

3. Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

4. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

5. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

For plaintiff's information, the proper manner of promulgating discovery is to send

1  demands for documents or interrogatories (questions asking for specific, factual responses)
2  directly to defendants' counsel. <u>See</u> Fed. R. Civ. P. 33-34. The scope of discovery is limited to
3  matters "relevant to the claim or defense of any party . . ." <u>See</u> Fed. R. Civ. P. 26(b)(1).
4  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably
5  cumulative or duplicative, or is obtainable from some other source that is more convenient, less
6  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
7  discovery in the action to obtain the information sought; or (iii) the burden or expense of the
8  proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). <u>In order to comply
9  with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it
10  to his benefit to wait until defendants have filed a dispositive motion which could include some
11  or all of the discovery plaintiff might seek.</u> In addition, no motion to compel will be considered
12  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
13  Rule 37-1 has been satisfied. Because plaintiff is detained, he is not required to meet and confer
14  with defendants in person. Rather, if his discovery requests are denied and he intends to seek a
15  motion to compel he must send a letter to defendants to that effect, offering them one last
16  opportunity to provide him with the sought-after information.

17       7.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
18  and all parties informed of any change of address and must comply with the court's orders in a
19  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
20  pursuant to Federal Rule of Civil Procedure 41(b).

21       IT IS SO ORDERED.

22  DATED: 11/17/08

23       *Ronald M. Whyte*
     RONALD M. WHYTE
     United States District Judge